# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSAN FEAGINS and<br>ANTIONNE FEAGINS | * <br> * <br> * | CIVIL ACTION |
| VERSUS | * <br> * | NO. |
| WAL-MART STORES, INC. | * <br> * | |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.  On January 11, 2016, Susan Feagins and Antionne Feagins filed this lawsuit against Wal-Mart Stores, Inc. in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, bearing Case No. 150948, Division D, and entitled *Susan Feagins, et al v. Wal-Mart Stores, Inc.* (*See* Plaintiffs' Petition for Damages, attached hereto and marked for identification as Exhibit "A".)

2. Wal-Mart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on February 2, 20106 (*See* CT Corporation Service of Process Transmittal Notice attached hereto and marked for identification as Exhibit "B".)

3. The suit seeks damages from Wal-Mart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter located on South Range Avenue in Denham, Louisiana, on July 21, 2015.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

    A.    **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

5. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6. Plaintiff is claiming injuries and damages that, if true, which defendant vehemently denies, places an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff alleges in Paragraph 8 of her Petition for damages that she sustained "severe and permanent injury", and went on to describe neck and back injuries. Plaintiff claims past and future pain and suffering, both mental and physical, past and future loss of enjoyment of life, past and future medical expense, and loss of past and future earnings/income earning capacity. (See Exhibit "A", Paragraph 8.)

7. Plaintiffs' Petition for Damages does not suggest that plaintiff has undergone surgery, nor that plaintiff had been offered surgery.

8. Plaintiffs' Petition for Damages did not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006.

9. On or about March 14, 2016, plaintiff responded to Requests for Admissions and Production of Documents propounded by Wal-Mart. (See attached Exhibit "C", plaintiffs' Response to Requests for Admissions and Production of Documents propounded by defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC.) Wal-Mart requested that plaintiff admit that their damages did not exceed the sum of $75,000.00, and plaintiffs denied that Request for Admission. (See Request for Admission No. 2, Exhibit "C".) In the same pleading, plaintiffs were asked to stipulate that damages were less than $75,000.00, and plaintiffs' counsel indicated that her clients would not so stipulate.

10. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

    **B.**    **COMPLETE DIVERSITY**

11. Defendant, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12. Plaintiffs are residents of and domiciled in the Parish of Livingston, State of Louisiana.

13. Accordingly, there is complete diversity of citizenship between the plaintiffs and the only defendant.

14. This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**II.**    **WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

15. Wal-Mart was served with the Petition for Damages through its agent for service of process, CT Corporation Systems, on February 2, 2016.

16. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of an amended pleading, motion, order, or other paper through which Wal-Mart ascertained that the case is one which is removable.

17. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18. The 21st Judicial District Court for the Parish of Livingston, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19. No previous application has been made by Wal-Mart in this case for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Susan Feagins and Antionne Feagins, and a copy is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

21. Wal-Mart has filed into the state court record a Motion for Extension of Time to Plead, which motion was granted giving Wal-Mart until March 18, 2016 to file responsive pleadings. (*See* Motion for Extension of Time, attached hereto and marked for identification as Exhibit "D").

22. Wal-Mart has filed into the state court record an Answer. (*See* Answer, attached hereto and marked for identification as Exhibit "E").

23. Petitioner, Wal-Mart Stores, Inc., desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant, Wal-Mart Stores, Inc., hereby removes this action from the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

s/ Sidney J. Hardy

_____

SIDNEY J. HARDY (#1938)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, Louisiana  70112
Telephone:  (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Sidney J. Hardy
_____
**SIDNEY J. HARDY**