SUSAN FEAGINS AND ANTIONNE FEAGINS     NO. 150948 DIV. D

VERSUS

21ST JUDICIAL DISTRICT COURT

PARISH OF LIVINGSTON

WAL-MART STORES, INC.     STATE OF LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come petitioners, **SUSAN FEAGINS AND ANTIONNE FEAGINS**, both of the full age of majority domiciled in Parish of Tangipahoa, State of Louisiana, who respectfully represent:

1.

The following are made defendants herein:

A.    **WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER**, a foreign corporation authorized to do and doing business in the State of Louisiana.

B.    "**JOHN DOE**," believed to be of full age of majority and a resident of Louisiana, who on information and belief was a manager of, and acting within the course and scope of said employment with Wal-Mart Stores, Inc. d/b/a WAL-MART SUPERCENTER, on the date of this accident.

2.

On or about July 21, 2015, plaintiff, **SUSAN FEAGINS**, who was a patron/invitee at the Wal-Mart Supercenter Store on South Range Avenue in Denham Springs, Louisiana, said store believed to be owned and operated by defendant, **WAL-MART STORES, INC.**, was walking by the pharmacy to pick up her prescriptions when she slipped in a puddle of liquid causing her to fall and sustain injuries to her lumbar spine and left leg. The liquid on the floor is believed to be water which came from a condensating air-conditioner vent in the ceiling, and it is further believed that this was an ongoing problem which was known to several Wal-Mart employees.

3.

The puddle of liquid encountered by plaintiff, **SUSAN FEAGINS**, amounts to a defective condition which existed upon the premises owned and/or operated by defendant, **WAL-MART STORES, INC.**, thus rendering this defendant liable to petitioners for all damages complained of herein. This defendant knew, or in the exercise of reasonable care, should have known of the existence of this defective condition.

EXHIBIT A

4.

At all times relevant herein, **"JOHN DOE"** was a manager of the store at issue in this lawsuit.

5.

As part of his duty as a manager, **"JOHN DOE"** was responsible for documenting, reporting and correcting unsafe and hazardous conditions.

6.

Upon information and belief, the failure of **"JOHN DOE"** to properly document and correct the unsafe conditions that led to this accident are a reasonable cause of the accident.

7.

Defendants, including, but not limited to employees, executive officers, and supervisory personnel of **WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER** and **"JOHN DOE"** are liable, jointly and severally, for all damages sustained by Petitioner under the following non-exclusive legal causes of action:

a) Failure to maintain a reasonably safe premises for its patrons;

b) Failure to provide immediate assistance to plaintiff;

c) Failure to train its employees;

d) Failure to warn its patrons;

e) Reckless endangerment;

f) Reckless indifference;

g) Failing to correct a dangerous condition that defendants knew of;

h) Such other acts of fault and/or negligence as may be shown at the trial of this matter.

8.

As a result of the incident sued on herein, plaintiff, **SUSAN FEAGINS**, suffered severe and permanent injuries, including but not limited to a herniated disc in her lumbar spine causing radiculopathy, as well as injury to her left hip, which injuries have caused and will cause plaintiff residual disability, disfigurement and scarring, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity.

9.

Plaintiff, **ANTIONNE FEAGINS** as the spouse of **SUSAN FEAGINS**, is accordingly entitled to recover compensatory damages from all defendants, *in solido*, as may be reasonable in the premises, in accordance with the law and the evidence, for consortium damages, past and future loss of conjugal relations, past and future loss of love and affection, past and future grief, mental anguish and distress, past and future loss of services, past and future loss of society, and past and future loss of support.

10.

Plaintiffs accordingly aver entitlement to recover from defendants, *in solido*, damages as may be reasonable in the premises, in accordance with the law and the evidence.

**WHEREFORE**, plaintiffs pray that after due proceedings are had, there be judgment in favor of plaintiffs, **SUSAN FEAGINS and ANTIONNE FEAGINS**, and against defendants, **WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER** and **"JOHN DOE"**, *in solido*, for all compensatory damages supported by the law and the evidence, granting plaintiffs legal interest on all sums awarded from date of judicial demand until paid and casting defendants with all costs of these proceedings including legal interest thereon.

Respectfully Submitted

**SAUNDERS & CHABERT**

_____
HENRI M. SAUNDERS, LSBA No. 25236
SCOTTY E. CHABERT, JR. LSBA No. 30434
CHEYENNE MOELLER, LSBA No. 35253
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this _____
Deputy Clerk of Court

**PLEASE SERVE:**

**WAL-MART STORES, INC.**
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, La 70808

SUSAN FEAGINS AND ANTIONNE FEAGINS     NO. 150948 DIV. D

VERSUS

21ST JUDICIAL DISTRICT COURT

PARISH OF LIVINGSTON

WAL-MART STORES, INC.     STATE OF LOUISIANA

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANTS, WAL-MART STORES, INC.

TO: **WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER**
Through its Agent for Process
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808

**NOW INTO COURT**, through undersigned counsel, come **SUSAN FEAGINS AND ANTIONNE FEAGINS**, and pursuant to the provisions of the Louisiana Code of Civil Procedure, propound these Interrogatories and Request for Production of Documents to be answered separately and fully, in writing, under oath, within fifteen (15) days, as provided by law, to-wit:

### DEFINITIONS

As used herein, the following definitions shall apply:

1. The terms "you", "your" and "yours" shall refer to **WAL-MART STORES, INC. d/b/a/ WAL-MART SUPERCENTER**, including without limitation, all present or former investigators, insurance adjusters, attorneys, employees, agents, or representatives, or anyone acting or purporting to act on your behalf, for any purpose whatsoever.

2. The terms "person" and "persons" shall mean any natural person, corporation, partnership, sole proprietorship, governmental agency, insurance company or association of any nature.

3. The terms "incident" or "incidents" shall mean the alleged factual circumstances which form the basis of this litigation.

4. The term "document" or "documents" shall mean any written, recorded, taped or graphic matter, however produced or reproduced, and all attachments and appendices thereto whether now or formerly in your actual or constructive possession, custody or control.

5. The terms "identify" or "identification" and "describe" or "description"

    (a) when used in reference to an individually or natural person, shall mean to state his full name, present or last known residence, business affiliation, job title and business address;

    (b) when used in reference to an entity other than an individual or natural person, shall mean to state its full name, the nature of its organizational form (e.g., corporation, general partnership, limited partnership, etc.), its present or last known street and mailing address, the state or other jurisdiction in or under which it is incorporated or organized, and the state or other jurisdiction in which it is doing or transacting business;

    (c) when used in reference to any oral communication, or other communication, shall mean to state exactly what was said, where, when, by whom, and the names of each person present.

## INSTRUCTIONS

1. These interrogatories shall be deemed continuing so as to require you to serve supplemental answers upon the attorney of record for plaintiffs herein.

2. For any interrogatory you refuse to answer in whole or in part, for any reason, please state the grounds for your refusal to answer. Where you believe a complete answer to a particular interrogatory or part thereof is not possible, please answer the interrogatory to the fullest extent possible and state the reasons for your inability to answer further.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state whether or not the store had a video or other surveillance system in place and active and operating on July 21, 2015, and if so, state the following:

- a) the type of surveillance system in use;
- b) whether or not a camera or camera captured images of the location of the accident;
- c) whether or not the images captured on video or other memory or electronic system have been preserved by defendant, and if so, the name, address, employer and phone number each person or entity in possession of such images and the exact video and/or electronic format of the images;
- d) the exact times of day on July 21, 2015 and areas of the store that were under such surveillance, including a statement as to whether or not the exact area of plaintiff's fall was within the area under surveillance;
- e) If the images captured on video or other memory or electronic system have not been preserved by defendant, please state each and every factual reason that such images were not preserved, in light of the fact that the store personnel were aware of the accident and responded to the scene immediately after it occurred;
- f) and identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 2:

Therefore, please state the approximate date the video surveillance system used on July 21, 2015 was first installed and made operational, and identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 3:

State the name, address, and telephone number of the retailer who sold the system to defendant, and state the same for the installer of the system, if different from the retailer of the system, and identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 4:

State the following information about the video surveillance system:

- a) name, address, and telephone of the manufacturer of the system;
- b) Make;
- c) Model with Model number;
- d) Serial number;
- e) whether the video tape is VHS or some other format, and if other, state the format;

f) whether the video format is continuous video or a series of snapshots a few seconds apart;
g) and identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 5:

State whether or not the defendant had any record retention policy concerning the video tape used in this video surveillance system as of July 21, 2015, and is so, state each and every element of said record retention policy, and identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 6:

Since this video surveillance system was operational, state whether or not the defendant had ever had recorded on video tape by use of this video surveillance system the scene of an accident or other event, such as a theft, and if so, state the following about each such accident or event:

a) date and time;
b) name, address, and telephone of the injured customer or other person captured on video either during the event or at another time before of after the event;
c) whether a written report of the accident or event was prepared, and if so, the name, address, and telephone of the prepared of the report;
d) whether any of the video tapes for any for any accident or event identified herein was preserved beyond the day after the accident or event, and if so, list each accident or event for which such video tape was preserved, and 1) state the reason for the preservation of the video tape, and 2) state the name, address, and telephone of each person, firm, entity or government agency who was provided a copy of or had access to the video in any was more than one day beyond the accident or event;
e) whether a video surveillance tape was ever preserved for the purpose of showing that either defendant was not liable for an accident or to show that a crime was committed; and,
f) identify and describe each and every document used or relied upon to obtain such information.

### INTERROGATORY NO. 7:

If the said video surveillance tape was taped over and not preserved for use as evidence in this case, please state the date the tape was taped over, and state whether or not any employee of defendant reviewed the video of this accident/incident after the event and before the tape was taped over, and if so, state the following information:

a) name, address, and telephone of the employee who reviewed the video tape;

b) whether a report was prepared by any employee concerning the review of the video after the event and before the tape was taped over;

c) name, address, employer and phone number preparer of said report;

d) the date said report was prepared

e) the name, address, employer and phone number of each person signing said report;

    f)    the name, address, employer and phone number each person or entity in possession of said report;
    g)    the name, address, employer and phone number of any witnesses identified in said report; and,
    h)    identify and describe each and every document used or relied upon to obtain such information.

**INTERROGATORY NO. 8:**

Identify and describe each and every brochure, owner's manual, operator's manual, publication of specifications, invoice for the purchase, invoice for the installation, invoices for the maintenance and servicing of the video surveillance system in use on July 21, 2015.

**INTERROGATORY NO. 9:**

Please state the name, last known address, telephone number, employer and job title of the manager on duty at the time of the subject accident.

**INTERROGATORY NO. 10:**

Please state the name, last known address, telephone number, employer and job title of all persons known or believed to be an eyewitness to the accident or who have knowledge regarding the facts and/or circumstances of this accident. This includes the identity of any individuals to whom the accident was reported, and any other individuals who participated in the investigation of the accident and/or the repair of the uneven concrete/grass in question.

**INTERROGATORY NO. 11:**

Please identify all witnesses, including medical and non-medical experts, whom you intend to or may call at the trial of this matter, and please describe in detail the nature of the testimony expected to be given. For each witness you may call at trial, please state the subject matter on which the witness is expected to testify, the findings and opinions to which any expert is expected to testify, and a summary of the grounds for each opinion.

**INTERROGATORY NO. 12:**

Identify each expert you have retained or specially employed in anticipation of litigation for consultation or in preparation for trial, and whom you do <u>not</u> expect to call as a witness at trial.

**INTERROGATORY NO. 13:**

Identify all documentary evidence, physical evidence and/or other exhibits which you intend to or may use or introduce into evidence at the trial of this matter.

**INTERROGATORY NO. 14:**

Have the plaintiffs given written, recorded, oral, or any other type of statements? If so, please identify the date and time any such statement was taken, who took the statement, describe the method of recording, and attach a copy of any such statement to your answers to these interrogatories.

**INTERROGATORY NO. 15:**

Identify by giving the name, last known address, and telephone number, place of employment and job title, of each and every person who gave a written or oral statement to you or any of your representatives, concerning the incident sued upon herein or any issue in this lawsuit, and provide the name, address, and telephone number of the person in possession of or having control of any written or recorded statements, and provide each such statement, and/or transcript to the undersigned.

**INTERROGATORY NO. 16:**

Have you sought what is commonly known as an index check of the plaintiffs herein or have you sought to obtain information from any bureau, agency or from any other source concerning any possible prior or subsequent accidents or injuries concerning the plaintiffs herein? If so, please give the nature of the information obtained, the name of the document, the length of the index or report (number of pages), the present custodian of the document, investigator, and by whom it was procured.

**INTERROGATORY NO. 17:**

Please state whether you or anyone else, whether or not acting on your behalf, has conducted an investigation of or experiments in connection with the incident, or its causes, which forms the basis of this suit. If so, state the name and address of each person who participated in the investigation or experiment, whether the results of such investigation or experiment were reported orally or in written form, to whom the results were reported, and the date or dates of any and all written or oral reports rendered by each such investigator.

**INTERROGATORY NO. 18:**

Do you or any agent or employee of the defendants have in your possession any surveys, diagrams, photographs, slides, video tapes, motion pictures, drawings or other documents depicting the scene of the accident? If so, describe the nature of each of such items in defendant's possession. If you answer in the affirmative, please state the number of photographs, slides, video tapes or

- 5 -

motion pictures, a general description of their contents, the name and address of the photographer, the date the photographs, slides, video tapes or motion pictures were taken, and the name and address of the present custodian thereof.

**INTERROGATORY NO. 19:**

Please describe in full detail your version of how the accident sued upon herein happened, giving all events in detail and in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the accident.

**INTERROGATORY NO. 20:**

Do you contend that the plaintiff, or any other person, was in any way contributorily or comparatively negligent or at fault in causing the subject accident? If so, please give all specific facts or circumstances leading to your conclusion and specifically list all witnesses and/or documentary evidence to support this conclusion.

**INTERROGATORY NO. 21:**

When was the accident in question first reported to you or your representatives? In your answer, explain who reported the accident, to whom it was reported, and what was done in response to your learning of the accident.

**INTERROGATORY NO. 22:**

Are you aware of any accident/incident reports prepared in connection with the subject accident? If your answer is in the affirmative, please provide the name, address, employer, job title and telephone number of the individual(s) preparing any such reports, identify the custodian of the original report(s), and please produce a copy of any and all such reports.

**INTERROGATORY NO. 23:**

Please state the name, last known address, telephone number, employer and job title of each person responding to these Interrogatories (not the person preparing these responses, but the name, address, telephone number, employer and job title of each person who provided any information responsive to these interrogatories).

**INTERROGATORY NO. 24:**

Have you or anyone to your knowledge attempted or actually undertaken any surveillance activity with regard to the plaintiffs herein?

- 6 -

**INTERROGATORY NO. 25:**

If your answer to Interrogatory No. 24 is affirmative:

a. Identify fully by name, last known address, telephone number, employer and relationship to you, all persons involved in each and every surveillance activity described hereinabove;

b. Identify each calendar day and the amount of time expended therein during which surveillance was either attempted or actually undertaken;

c. Identify fully the mechanism by which each of the aforesaid surveillance activities was attempted and/or undertaken (i.e. photographs, video, etc.);

d. Identify fully the custodian of any video tapes, photographic evidence, movie films, negatives, written records or any other such materials or documentation resulting from each of the aforesaid surveillance activities.

**INTERROGATORY NO. 26:**

Please list each and every insurer, whether it be personal, business, or commercial liability insurer, providing primary, excess, or umbrella coverage, or certificate of self insurance, insuring or arguably insuring this defendant and/or others for whom this defendant is responsible, which were in full force and effect on the date of the accident sued upon herein. Please state all applicable policy limits, effective dates of coverage and any exclusions or endorsements upon which a coverage defense is asserted.

**INTERROGATORY NO. 27:**

On July 21, 2015, who do you contend was responsible for maintaining the leaking air conditioning unit in question in a reasonably safe condition? In your answer, describe with detail and specificity the nature of any contracts entered between **WAL-MART STORES, INC., WAL-MART SUPERCENTER,** (or any other entities or individuals) relating in any way to the maintenance of the air conditioning unit in question.

**INTERROGATORY NO. 28:**

Describe with detail and specificity your policies, procedures and practices in effect on July 21, 2015 relating to the maintenance of the air conditioning unit in question. In your answer, explain with detail and specificity how often the unit and its component parts are inspected for the purpose of detecting hazards such as leaks and/or accumulating water due to condensation. This will include

- 7 -

the identity of the person or persons responsible for making the inspections, how often the inspections are made, when they are made (time of day), as well as the protocol to be followed in the event a safety hazard is detected.

### INTERROGATORY NO. 29:

From the period including January 1, 2015 through the present, how many times was the air conditioning unit inspected for potential safety hazards, including leaks and water accumulation due to condensation? In your answer, identify the individuals making any such inspections, as well as the dates and times of any such inspections and describe what was observed.

### INTERROGATORY NO. 30:

Do you have any written policies, procedures or manuals relating to inspections/maintenance of the air conditioning units? If your answer is in the affirmative, please attach copy of same to your answers to these interrogatories.

### INTERROGATORY NO. 31:

For the period including January 1, 2012 through the present, are you aware of any other accidents involving alleged slip and falls at the Wal-Mart Supercenter in question, specifically including, but not limited to, accidents allegedly caused by air condition unit leaks or condensation? If your answer is in the affirmative, explain with detail and specificity the nature of any such accident/incident, the identity of any individuals involved (including contact information), whether any accident/incident reports were prepared, whether any claims were made, and the disposition of any such claims.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Please produce all documents which you relied upon in answering the above Interrogatories Numbers 1 through 31, and all additional documents specifically identified, referred to or requested therein.

### REQUEST NO. 2:

Please produce copies of any surveillance video depicting the scene of the accident that was captured on July 21, 2015.

### REQUEST NO. 3:

Please produce a copy of the curriculum vitae and/or resume of any and all experts identified

- 8 -

in the above interrogatories.

**REQUEST NO. 4:**

Please produce copies of any and all reports or written opinions prepared or submitted by any and all expert witnesses you have consulted in this matter, or from whom you intend to or may elicit an opinion or other testimony.

**REQUEST NO. 5:**

Please produce or make available for reproduction all photographs, slides, illustrations, moving or video taping or filming or reproduction or other depictions of the accident scene, the plaintiff, the area in front of the pharmacy, and any reproduction or recreations of the accident or any portion thereof.

**REQUEST NO. 6:**

Please produce copies of all recorded statements, written statements or transcripts of any recorded statements obtained in this matter by any current or former employee(s) or representative(s) of the defendants.

**REQUEST NO. 7:**

Please produce any and all exhibits, photographs, video and/or documentary or demonstrative evidence, including, but not limited to, impeachment and/or rebuttal evidence (i. e. surveillance).

**REQUEST NO. 8:**

Please produce certified copies of each and every policy of insurance, including the declarations page, all applicable policy provisions, exclusions, and endorsements, which were in effect on the date of the accident sued upon herein.

**REQUEST NO. 9:**

Please produce any and all index reports, bureau reports, and/or other compilations of information in your possession or under your control, and/or procured by you and/or procured at your expense, concerning the plaintiff, the plaintiff's family, the plaintiff's prior medical history and conditions, prior accidents to the plaintiff, and/or any other personal information whatsoever concerning the plaintiff or any other resident of the plaintiff's household, which are in your possession or under your control.

**REQUEST NO. 10:**

Please produce any and all accident reports, incident reports, and/or any other such

- 9 -

documentation concerning the accident sued upon herein and/or reporting of the accident to any insurer.

**REQUEST NO. 11:**

Please produce copies of any and all correspondence, notes, e-mails, invoices, receipts, checks, or any other document of any nature in any way relating to the repair and/or maintenance of the air conditioning unit in question.

**REQUEST NO. 12:**

Please produce copies of any and all accident/incident reports relating to any other incidents involving alleged slip and fall incidents at the Wal-Mart Supercenter in question, including any incidents/accidents involving the subject air conditioning unit.

**REQUEST NO. 13:**

Please produce copies of any other claims and/or lawsuits relating to any other accidents/incidents involving alleged slip and fall incidents at the Wal-Mart Supercenter in question, regardless of the date of occurrence of any other such incident giving rise to the claims and/or lawsuits.

**REQUEST NO. 14:**

Please produce copies of any and all documents reflecting and documenting inspections made of the air conditioning unit in question during the period including January 1, 2015 through the present.

**REQUEST NO. 15:**

Please produce copies of any and all written policies, procedures, manuals, correspondence, memoranda or any other document setting forth your policies and procedures as it relates to the maintenance of the air conditioning unit in question for the purpose of detecting unsafe conditions such as leaks or any other potential hazards.

Respectfully Submitted

**SAUNDERS & CHABERT**

*[signature]*

HENRI M. SAUNDERS, LSBA No. 25236
SCOTTY E. CHABERT, JR. LSBA No. 30434
CHEYENNE MOELLER, LSBA No. 35253
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101

**PLEASE SERVE:**

**WAL-MART STORES, INC.**
Through its agent for service of process
C T Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, La 70808

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true Copy of the original
this ___ day of ___ 20___
Deputy Clerk of Court

- 11 -