UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN FEAGINS AND
ANTIONNE FEAGINS

VERSUS

WAL-MART STORES, INC.

CIVIL ACTION

NO: 16-181-JWD-RLB

## RULING ON WAL-MART STORES, INC.'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S TESTIMONY ABOUT STATEMENTS FROM UNIDENTIFIED "WAL-MART EMPLOYEES" FOR LACK OF FOUNDATION

Before the Court is Wal-Mart Stores, Inc.'s Motion in Limine to Exclude Plaintiff's Testimony about Statements from Unidentified "Wal-Mart Employees" for Lack of Foundation (Doc. 20.) The motion is opposed. (Doc. 24.) For the reasons which follow, the motion is denied.

Plaintiff Susan Feagins ("Plaintiff" or "Feagins") alleges that, on July 21, 2015, she slipped in a puddle of liquid at the Wal-Mart store in Denham Springs and was injured. (Doc. 1-2 at 1.) In her deposition, Plaintiff testified that the source of the liquid in which she slipped was a leaking air conditioner. (Doc. 20-1 at 1 (citing excerpts from Plaintiff's deposition).) While she did not see the leaking air conditioner herself, she testified employees of the Walmart pharmacy department told her the air conditioner was leaking and was the source of the puddle. (*Id*. at 1-2 (quoting pp. 38-40 of Feagins' deposition).) She described both individuals including the Wal-Mart pharmacist himself. (*Id*.) Wal-Mart argues, "[w]hile Ms. Feagins described supposed Wal-Mart employees who allegedly told her the air conditioner was leaking, the record does not support that any Walmart employee made such a statement to her." (Doc. 20-1 at 2, 3.) In support of its argument, Wal-Mart points to inconsistent testimony by Plaintiff's daughter (*Id.* at 3), as well as the testimony of seven Wal-Mart employees who contradict Plaintiff's testimony. (*Id.* at 3-6.) Because of these inconsistencies and contradictory testimony, Wal-Mart argues that

1

"Plaintiff fails to establish [the] out-of-court statements fall within the non-hearsay rule of Fed. R. Evid. 801(d)(2)(D)." (*Id.* at 6–10 (citing various cases).)

Plaintiff counters that because the statements came from Wal-Mart employees, they "clearly fall under the non-hearsay exceptions set forth in FRE- 801(d)(2)(D)" and that "[b]oth [Plaintiff] and [her daughter] testified adamantly they were communicating with Wal-Mart employees, and they gave fairly accurate descriptions of these employees…. Preventing the evidence altogether would be extremely prejudicial and unfair." (Doc. 24 at 2.)

The Court has carefully reviewed the motion and the attached deposition testimony. The Court finds that this question is a matter of credibility properly left for the jury to decide. As stated by Fifth Circuit Pattern Jury Instruction (Civil) 3.4 (2016):

> You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testify to the contrary, if after considering all of the evidence, you believe that witness.

The Court finds that, in this case, unlike the cases cited by Wal-Mart, Plaintiff and her daughter gave detailed descriptions of the alleged Walmart employees who made the damaging admissions regarding the air-conditioning. It is true that there are internal inconsistencies in the account given by Plaintiff and her daughter and that the testimony of both is contradicted by the Wal-Mart witnesses. However, it is not the duty or the right of this Court to weigh the evidence and determine credibility. That is the province of the jury.

Accordingly, Wal-Mart's motion (Doc. 20) is denied.

Signed in Baton Rouge, Louisiana, on September 18, 2017.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**