**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SUSAN FEAGINS AND**
**ANTIONNE FEAGINS**

**VERSUS**

**WAL-MART STORES, INC.**

**CIVIL ACTION**

**NO. 16-181-JWD-RLB**

## RULING AND ORDER ON PLAINTIFFS' MOTION IN LIMINE

Before the Court is Plaintiffs' Motion in Limine (Doc. 21), which is opposed (Doc. 23). The Court, after considering the briefing and arguments of counsel, the law and evidence being in favor thereof, grants in part, denies in part, and defers in part this motion.

This case involves a disputed slip and fall injury which allegedly occurred at Defendant's store on July 21, 2015. Trial is set for October 2, 2017. Plaintiffs' motion seeks to have the Court exclude the following:

1. Any and all evidence of and/or reference to medical expense payment sources, including but not limited to, payments made by Plaintiffs['] attorneys, and any future collateral sources, such as health insurance;

2. Any argument or commentary relating to anti-lawyer and anti-lawsuit sentiment;

3. Any and all evidence of, mentioning, reference to, and/or eliciting testimony of evidence in connection to the possible tax ramifications on plaintiff;

4. Any evidence of prior criminal history;

5. Any evidence of prior claims or lawsuits;

6. Any evidence requested, but not produced in discovery, specifically including a purported second angle of video surveillance taken on the day of the incident in question.

(Doc. 21 at 1-2.)

The court will consider each of these separately.

## Attorney Payments of Plaintiff's Medical Bills

In summary, Plaintiffs argue that "[w]hile not a true 'collateral source' in the literal sense, the funding of a plaintiff's medical treatment by his or her attorney is akin to the rule and courts have held that attorney funded medical treatment should be withheld from the jury." (Doc. 21-1 at 2 (citing *Francis v. Brown*, 95-1241, pp. 9-10 (La. App. 3 Cir. 3/20/96); 671 So.2d 1041, 1047-48) (" To allow a jury to hear evidence that plaintiff's attorney provided the funds for her medical expenses only fanned the flames of the prejudice that now exists against civil litigants and their attorneys.")).)

Defendant argues: "Plaintiff's counsel's payment of her medical bills has bearing on the credibility of Plaintiff's healthcare provider[.]" (Doc. 23 at 1.) In support of its position, Defendant cites *Tiemann v. Graff*, 478 So.2d 1267, 1270 (La. App. 5 Cir 11/12/85) (questioning the plaintiff's treating physician about a billing agreement with counsel "was relevant and not improper…" because "[a]n attorney is entitled to impeach his opponents witness."). (Doc. 23 at 1.) Defendant also points the Court to *Hoffman v. 21st Century North America Insurance Co.*, 2014-2279, p. 6 (La. 10/2/15); 209 So. 3d 702, 2015 WL 5776131. (Doc. 23 at 2.)

Despite Plaintiffs' statement that payment by the attorney of his client's medical bill is not, "strictly speaking" a collateral source, this is precisely the ground upon which the court in *Francis* found that the evidence had been improperly admitted. The Court also agrees with Plaintiffs and the court in *Francis* that any possible probative value connected to counsel's

2

payment of the medical bills is outweighed by unfair prejudice, and it is thus excluded. To this extent, Plaintiffs' motion is granted.

Both cases cited by Defendant deal with a "billing arrangement" between counsel for the plaintiff and the treating doctor which might in this case, for the reasons cited in both cases, be admitted. However, this is not what Plaintiffs seek to exclude. If Defendant has evidence of some billing agreement between counsel for Plaintiffs and the testifying physician, the Court would likely allow such questioning. Because this is not the subject of the present motion, if Defendant intends to pursue such a line of questions, Defendant is instructed to advise the Court in advance of questioning the physician so that the matter may be addressed outside the presence of the jury.

Defendant represents that it "does not intend to mention hypothetical health insurance, especially in face of the collateral source rule" (Doc. 23 at 2), so, to this extent, Plaintiffs' motion is denied as moot.

## **Anti-Lawyer and Anti-Lawsuit Sentiment**

Although styled as a motion to exclude "anti-lawyer and anti-lawsuit" evidence, Plaintiffs apparently are asking the Court to exclude reference to Plaintiffs' counsel's referral of Plaintiff to a physician. (Doc. 21-1 at 4-5.) Defendants argue that they are not intending to introduce "anti-lawyer" or "anti-lawsuit" evidence but strongly urge that "[t]he fact that plaintiff's attorneys referred her to her treating physician is pertinent to the jury's ability to evaluate the truthfulness, accuracy, and credibility of the testimony presented by the plaintiff at trial.***Evidence of the treating physician's relationship with Plaintiff's counsel, and the evidence of Plaintiff's counsel's referral to the treating physician, is critical to the jury's ability to evaluate whether the treating physician is biased or has some interest in the outcome of Plaintiffs' claim." (Doc. 23 at 3.)

The Court agrees with Defendant that the referral of Plaintiff by her lawyer to a physician and/or evidence of an ongoing referring relationship of counsel with that physician is relevant on the issue of possible bias and is therefore admissible. Therefore, this part of Plaintiffs' motion is denied.

However, "anti-lawyer" and "anti-lawsuit" evidence is clearly irrelevant and inadmissible, and Defendant does not argue to the contrary. Such evidence will not be allowed. To the extent Defendant intends to introduce such evidence (and this appears not to be the case), this portion of Plaintiffs' motion is granted.

## Possible Tax Ramifications on Plaintiffs

Plaintiffs seek to prevent Defendant from suggesting to the jury that "any recovery by the Plaintiffs would or would not be subject to federal income taxation or any other form of taxation." (Doc. 21-1 at 5.) Defendant represents that it "does not intend to bring up the possible taxation of Plaintiff's award" (Doc. 23 at 4), and, accordingly, this part of the motion is denied as moot.

## Evidence of Prior Criminal History

In her deposition, Plaintiff Susan Feagins "admitted to a prior criminal history for both she and her husband. Mrs. Feagin[s] testified that the alleged crime included assault, bad checks and theft, but they occurred when she was in her late teens and early twenties." (Doc. 21-1 at 6.) In their briefing, Plaintiffs do not advise the court of the date of these alleged convictions or guilty pleas except to say that they were "close to or more than 10 years ago." (*Id*. at 8.) Plaintiffs give the court no information about the nature or dates of Mr. Feagins' crimes.

Defendant is not more helpful. Without providing any information about the convictions or guilty pleas which they intend to exploit at trial, Defendant merely states that it "intends to

4

comply with the Federal Rules of Evidence regarding admissibility of prior criminal history."
(Doc. 23 at 4.)

The Court has insufficient evidence upon which to rule on this motion. The Court instructs the parties to file supplemental briefs no later than Wednesday, September 27, 2017, specifying, separately for each plaintiff, the crime and date of conviction or guilty plea which is the subject of the motion. Counsel will provide authority for why evidence as to each should or should not be allowed. Each brief will not exceed 5 pages. This part of Plaintiffs' motion is deferred.

## **Evidence Not Previously Produced**

Plaintiffs claim that Defendant failed to provide certain surveillance video that was earlier requested in discovery and "[i]n the event the Defendant is in possession of additional surveillance, production at this late hour would amount to 'trial by ambush' and, as such, Plaintiffs respectfully request an order from this Honorable Court commanding that no such surveillance video may be used at trial." (Doc. 21-1 at 8–9.)

Defendant responds that it previously provided all surveillance video to Plaintiffs but, if for some reason it never reached Plaintiffs, Defendant offered to make it available to Plaintiffs. (Doc. 23 at 7.) Plaintiffs filed no reply or response contradicting Defendant's representation to the Court, and, accordingly, the Court is left to conclude that there is no longer any controversy. Therefore, this portion of the motion is denied without prejudice. Should Plaintiffs contend the surveillance has been unfairly withheld, it should advise Defendant by Monday, September 25, 2017, and both parties will file simultaneous briefs on this issue (not to exceed 5 pages each) no later than September 27, 2017.

## Conclusion

Accordingly,

**IT IS ORDERED** that, for the above reasons, the Plaintiffs Susan Feagins and Antionne Feagins' Motion in Limine (Doc. 21) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART**.

Signed in Baton Rouge, Louisiana, on September 20, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**